UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61799-GAYLES/SELTZER

HOLLYWOOD PARK APARTMENTS
SOUTH, LLC,

      **Plaintiff,**

v.

CHUBB CUSTOM INSURANCE
COMPANY,

      **Defendant.**
_____/

# ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Partial Summary Judgment as to Liability on Counts I & II and on Defendant's Affirmative Defenses [ECF No. 25] ("Motion"). The Court has reviewed the parties' submissions and the applicable law and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Plaintiff Hollywood Park Apartments South, LLC ("Plaintiff")[1] owns a two-story apartment building in Broward County, Florida, which is insured by Defendant Chubb Custom Insurance Company ("Defendant"). When Defendant refused to provide coverage for certain property damage, Plaintiff brought an action in state court alleging breach of insurance contract and seeking a declaration interpreting the insurance policy to provide coverage. [ECF No. 1, Ex. C]. The

---

[1] The case was originally filed by Hollywood Park Apartments East, LLC. Plaintiff filed an Amended Complaint [ECF No. 23], substituting Hollywood Park Apartments South, LLC as the Plaintiff.

action was removed to this Court based on federal diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1]. On December 1, 2017, Plaintiff filed an Amended Complaint [ECF No. 23].

On December 4, 2017, Plaintiff moved for partial summary judgment as to liability on both counts and on Defendant's affirmative defenses. [ECF No. 25]. Plaintiff argues that the facts of the incident are undisputed and that based on those facts, it is entitled to judgment as a matter of law. Defendant argues that summary judgment is premature because there are genuine issues of material fact. [*See* ECF No. 28].

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

Plaintiff alleges that in April 2015, its employee was conducting routine maintenance on a second-floor apartment unit when his leg fell through the floor, landing on the first-floor ceiling. [ECF No. 25, ¶ 3]. Plaintiff asserts that the floor was heavily damaged by subterranean termites and that unrelated water damage had contributed to the failure of the floor and joists. [*Id.* ¶ 5]. Defendant disputes even these basic characterizations of the incident and damage, arguing principally that it has not been afforded the opportunity to depose the maintenance worker involved in the incident. [ECF No. 27, ¶¶ 3, 5]. In its Reply, Plaintiff asks this Court to essentially take the facts as alleged by Plaintiff to be true and interpret the insurance contract accordingly. [ECF No. 29]. The Court declines to do so. There are clearly undeveloped material facts where even the basics of the incident are contested. Summary judgment is inappropriate at this early stage before Defendant has been afforded any opportunity to conduct discovery and defend this action.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment as to Liability on Counts I & II and on Defendant's Affirmative Defenses [ECF No. 25] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of April, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE